**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IN RE: DANIL EZEKIEL FAUST**<br>**AKA DANIL BERGER,**<br>**Danilo Augusto Feliciano**<br>**Debtor** | ) | **Case No.** 22-00233-ELG<br><br>**Chapter 7** |
| **Danilo Augusto Feliciano**<br>**Plaintiff-Appellant**<br><br>**v**<br><br>**STATE OF LOUISIANA,** and<br>**ROBERT KYLE ARDOIN** *in his official capacity as Secretary of State of Louisiana*<br>**Defendant-Appellees** | ) | **Adversary Proceeding No**. 23-10010-ELG<br><br>**District Court Case No.** 1:23-cv-02567<br><br>**Judge Dabney L. Friedrich** |

**STATEMENT OF THE ISSUES ON APPEAL**

COMES NOW, Danilo Augusto Feliciano, formerly known as DANIL EZEKIEL FAUST, pursuant to Rule 8009 (a)(1)(A) and Rule 8009 (e)(2)(C) of the Federal Rules of Bankruptcy Procedure to hereby submit this *Statement of the Issues on Appeal* and to correct this failure of documentation in the record. The issues in this appeal are:

1. Does Federal Rules of Bankruptcy Procedure, Rule 8011 (a)(2)(A)(i) clearly establish that timely receipt of a Notice of Appeal by the clerk of the court is to be used as the basis for timely filing, and not timely mailing? Does this interpretation create laws that are not uniform regarding the administration of bankruptcies in the United States, violating Article I, Section 8, Clause?
2. Is the requirement of timely receipt by the clerk of the court for the bankruptcy court within a 14-day time period unreasonable and violate the rights of the Appellant when the appellant is not represented by an attorney and has been denied the ability to file documentation electronically, effectively mandating the use of the United States Postal Service?

3. Does the rule requiring timely receipt by a clerk of the court for bankruptcy courts create unequal and nonuniform laws regarding administration of bankruptcy when timely mailing is accepted as timely filing by the Rules of the Supreme Court of the United States, Rule 29.2, 26 United States Code § 7502 ("Timely mailing treated as timely filing and paying"), and 27 Code Federal Regulations 70.305 ("Timely mailing treated as timely filing")?
4. Rule 8011 (a)(2)(A)(i) requires receipt by the clerk of a document for filing to be considered timely, while Rule 8011 (a)(2)(A)(ii) allows for a brief or appendix to be considered timely if it is placed in the mail with postage prepaid on or before the last day of filing. Does this interpretation create laws that are not uniform regarding the administration of bankruptcies in the United States, violating Article I, Section 8, Clause?
5. Rule 9006 (e) states that "service of process and service of any paper other than process or of notice by mail is complete on mailing." Does this conflict with the requirement of Rule 8011 (a)(2)(A)(i) that a document must be received by the clerk within the time fixed for filing?
6. Did the United States Bankruptcy Court properly deny the Plaintiff-Appellant's *Notice of Appeal*, *Motion for Leave to Extend Time to Appeal*, and *Motion for an Order Certifying Direct Appeal to the United States Court of Appeals for the District of Columbia* on the grounds that they were untimely despite being placed in the care of the United States Postal Service and utilized certified mail that was prepaid well in advance of the extension deadline?

Dated: 8 September 2023

Respectfully Submitted,

Danilo Augusto Feliciano
1313 New York Ave NW
Basement
Washington, DC 20005
202-505-1841
daniloafeliciano@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September 2023, the foregoing *Motion to Modify the Record on Appeal, Memorandum of Points and Authorities, Declaration in Support of Motion,* and *Statement of the Issues* were served by hand to:

Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Ave, NW, Room 1225
Washington, DC 20001

And

Clerk of the Court
United States Bankruptcy Court for the District of Columbia
333 Constitution Avenue N.W., Room 1225
Washington, DC 2001

And by electronic mail to:

Dylan G. Trache, DC Bar No. 476318
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Phone: (202) 689-2800
Fax: (202) 689-2860
Email: dylan.trache@nelsonmullins.com

Counsel to the State of Louisiana and Robert Kyle Ardoin in his capacity as Secretary of State of the State of Louisiana

Respectfully submitted,

Dañilo Augusto Feliciano
1313 New York Avenue NW
Basement
Washington, DC 20005
202-505-1841
daniloafeliciano@gmail.com