FILED
FEB 2 1 2023
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

CLERK
US DISTRICT & BANKRUPTCY COURTS FOR DC
2023 FEB 21 P 4:09
RECEIVED

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA**

**IN RE:** )
)
**DANIL EZEKIEL FAUST** ) Case No. 22-00233-ELG
) Chapter 7

## NOTICE OF MOTION BY RESPONDENT TO PARTICIPATE IN ELECTRONIC FILING

PLEASE TAKE NOTICE that on the 21st day of February, 2023 in the above-entitled Court located at 333 Constitution Avenue N.W. Room 1225, Washington, DC 20001. DANIL EZEKIEL FAUST will move this Court for an order approving the Movant, with cause shown, in relation to the bankruptcy petition filed under Chapter 7 for electronic filing privileges.

This motion is made pursuant to the attached motion and the basis contained within.

Dated: 21 February 2023

Respectfully submitted,

Danilo Augusto Feliciano
aka DANIL EZEKIEL FAUST
1200 Pennsylvania Ave NW #4018
Washington, DC 20004
202-505-1841
daniloafeliciano@gmail.com

RECEIVED
Mail Room
FEB 2 2 2023
Angela D. Caesar, Clerk of Court
U.S. Bankruptcy Court, District of Columbia

FILED
FEB 21 2023
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

CLERK
US DISTRICT & BANKRUPTCY COURTS FOR DC
2023 FEB 21 P 4:09
RECEIVED

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **DANIL EZEKIEL FAUST** | ) | **Case No. 22-00233-ELG** |
| | ) | |
| | ) | **Chapter 7** |

**MOTION BY RESPONDENT TO PARTICIPATE IN ELECTRONIC FILING**

I, Dañilo Augusto Feliciano, formerly known as DANIL EZEKIEL FAUST, am the Appellee in this civil action. I have filed an appearance as an Appellee or Plaintiff in Error, and I hereby request permission to file documents electronically. In so doing, I consent to the court and opposing counsel using my email address, as listed below, for the purpose of sending me electronic notification of orders, notices, and other documents that are filed in my case. I understand that hard copies will no longer be issued by the court or opposing counsel. I understand that if my motion is granted, I must complete the Court's required training class on electronic filing for self-represented litigants and register for a PACER account before I can actually begin filing documents electronically. I certify that I can comply with the following requirements:

- A computer with access to the internet.
- Mozilla Firefox (Version 71.x and higher) or Safari (Version 13.x and higher) or Chrome
(Version 78.x and higher) or Microsoft Edge (Version 42.x and higher).
- Adobe Reader (Version 7 or greater).
- Ability to create PDF files.
- An upgraded PACER account.

Dated: ~~13~~ 21 February 2023

Respectfully submitted,

Dañilo Augusto Feliciano
aka DANIL EZEKIEL FAUST
1200 Pennsylvania Ave NW #4018
Washington, DC 20004
202-505-1841
daniloafeliciano@gmail.com

CLERK
US DISTRICT & BANKRUPTCY
COURTS FOR DC
2023 FEB 21 P 4:09
RECEIVED

## CERTIFICATE OF SERVICE

This is to certify that I, DANIL EZEKIEL FAUST, also known as Dañilo Augusto Feliciano, have this date served a true and correct copy of the above and foregoing Notice of Motion and Motion for Respondent to Participate in Electronic Filing by hand to the United States Bankruptcy Court for the District of Columbia, 333 Constitution Avenue N.W. Room 1225, Washington, DC 20001.

Signed this day by my own hand on the 21st of February, 2023.

Respectfully submitted,

Dañilo Augusto Feliciano
aka DANIL EZEKIEL FAUST
1200 Pennsylvania Ave NW #4018
Washington, DC 20004
202-505-1841
daniloafeliciano@gmail.com

The order below is hereby signed.

Signed: February 23 2023

Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br><br>**Daniel Ezekiel Faust,**<br>**Debtor.** | **Case No. 22-00233-ELG**<br>**Chapter 7** |

**ORDER DENYING MOTION**

Before the Court is the above captioned pro se Debtor's *Notice of Motion by Respondent to Participate in Electronic Filing* filed on February 21, 2023, that requests permission to file and utilize the Court's Case Management/Electronic Case Filing ("CM/ECF") system in this case (the "Motion") (ECF No. 50). The Motion essentially requests that the Court grant a waiver of this Court's Local Bankruptcy Rule 5005-1(b), which prohibits pro se parties from utilizing CM/ECF for the purpose of submitting filings. The Court finds that there are no extraordinary circumstances supporting the requested waiver. However, the Court notes that it appears that the Debtor may be requesting authority to file electronically in his pending appeal in the United States District Court for the District of Columbia (the "District Court") for which this Court has no jurisdiction. Any request for relief in the appeal should be filed in and with the District Court.

Therefore, it is **ORDERED**

1) The Debtor's Motion (ECF No. 50) is hereby **DENIED**.

[Signed and dated above.]

Copies to: the Debtor; and recipients of e-notification of orders.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DANIL EZEKIEL FAUST** | ) | |
| **aka Dañilo Augusto Feliciano** | ) | |
| **GENERAL DELIVERY** | ) | |
| **Washington, DC 20018** | ) | |
| **SSN# XXX-XX-5866** | ) | |
| **Plaintiff** | ) | **Case #:** |
| | ) | **COMPLAINT** |
| **vs** | ) | |
| | ) | |
| **STATE OF LOUISIANA** | ) | |
| **Defendant** | ) | |
| | ) | |

**COMPLAINT**

TO THE HONOURABLE ELIZABETH L. GUNN, BANKRUPTCY JUDGE

COMES NOW DANIL EZEKIEL FAUST, also known as Dañilo Augusto Feliciano, one of the people, (hereinafter "the Plaintiff") and files in this court of record this complaint as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to the Federal Rules of Bankruptcy Procedure. Specifically rule 5005(a) requires that a complaint commencing an adversary proceeding be filed with the court in which the case under the Code is pending unless 28 U.S.C. §1473 authorizes the filing of the complaint in another district. As this case is not under chapter 11 and has no recorded proceedings as such, this Court has the proper jurisdiction.

**VENUE**

2. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(E). If and to the extent that any part, portion or aspect of this Adversary Proceeding is beyond the subject matter jurisdiction of this Court, and to the extent it is constitutionally permissible to confer jurisdiction upon this Court by consent, the Plaintiff hereby grants such consent to the subject matter jurisdiction of this Court, and to the Court's entry of final orders, judgments and decrees, reviewable on appeal only, to the United States District Court for the District of Columbia.

## PARTIES

3. Plaintiff DANIL EZEKIEL FAUST, also known as Dañilo Augusto Feliciano, is one of the people and a veteran of the United States Armed Forces.

4. Defendant THE STATE OF LOUISIANA is a state of the United States.

5. Defendant ROBERT KYLE ARDOIN, (hereinafter "ARDOIN") in his official capacity as the Louisiana Secretary of State.

## BACKGROUND FACTS

6. On 1 November 2022, the Plaintiff cast his ballot in the 2022 Federal Election for the Senator of Louisiana. **[Exhibit 1]**

7. The underlying administrative case of the Plaintiff was filed on 20 December 2022 ("Petition Date"), when the Plaintiff filed his voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §101, et seq to retrieve the permanent paper record of this ballot as required by the Help America Vote Act Title III, Section 301 (a)(2)(B)(i) and Section 301 (a)(2)(B)(iii).

8. On 13 February, 2023, Plaintiff submitted a Notice and Demand to the Defendant notifying the Louisiana Secretary of State that the permanent paper record was to be classified as a chose in action, and this right of action would be assigned to the corporation known as None of the Above owned by the Plaintiff, and further would be assigned to the supreme Court of the united States. **[Exhibit 2]**

9. On 13 February, 2023, Plaintiff submitted a Notice to the Supreme Court of the United States of this transfer of the chose in action. **[Exhibit 3]**

10. On 26 January 2023, during the 341 hearing, Plaintiff verbally informed the counsel for the United States Trustee KRISTEN S. EUSTIS that he wished to transfer the chose in action to the corporation owned by the Plaintiff, NONE OF THE ABOVE, to be further assigned to the supreme Court of the united States.

## COUNT 1 – FALSE CLAIMS WITH INTENT TO DEFRAUD

11. ARDOIN, in his official capacity as the Louisiana Secretary of State, did knowingly and willfully present, and caused to be presented, false, fraudulent, and fictitious claims for payment or approval to the Government of the United States, dependant upon compliance of section 301 of the Help America Vote Act, with actual knowledge that such claims were to be used contrary to the conditions listed contrary to the provisions of 31 U,S.C. §3729 (a)(1)(A). **[Exhibit 4]**

12. ARDOIN, in his official capacity as the Louisiana Secretary of State, did knowingly and willfully make, use, and cause to be made and used, false records and statements material to a false and fraudulent claim dependent upon the compliance of section 301 of the Help America Vote Act, with actual knowledge and reckless disregard of the truth that such funds were to be used contrary to the provisions of 31 U,S.C. §3729 (a)(1)(B)

13. ARDOIN, in his official capacity as the Louisiana Secretary of State, did knowingly and willfully neglect and fail to comply with his duty to retain and preserve any record or paper for a period of twenty-two months from the date of any general, special, or primary election of which candidates for the office of President, Vice President, presidential elector, Member of the Senate in accord and satisfaction with the provisions of 52 U,S.C. §20701

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this honorable Court respectfully requests that this Court enter judgment in favor of the Plaintiff as follows:

1. Entry of a judgment that the Louisiana Secretary of State breached his duty of loyalty to the Plaintiff in connection with Federal Elections.

2. Entry of a judgment that the State of Louisiana is not in compliance with the Help America Vote Act, Title III, Section 301 (a)(2)(B)(i) and Section 301 (a)(2)(B)(iii) and no such permanent paper records as required exists.

3. Entry of a judgment against the State of Louisiana for the chose in action and act of damaging public records.

4. Such other and further relief as the Court deems just and equitable

DATED: 16 March 2023

Respectfully submitted,

DANIL EZEKIEL FAUST
aka Danilo A. Feliciano
GENERAL DELIVERY
WASHINGTON, DC 20090
daniloafeliciano@gmail.com

**EXHIBIT 1**


Early Voting 36-012
Official Early Voting Ballot
November 08, 2022
Orleans Parish
36-012
Warning
Cast your ballot
Review your choices
PROPOSED CONSTITUTIONAL AMENDMENT NO. 1
PROPOSED CONSTITUTIONAL AMENDMENT NO. 2
Certification
R. Kyle Ardoin
Secretary of State
STATE OF LOUISIANA

To:
Kyle Robert Ardoin
8585 Archives Blvd
Baton Rouge, LA 70809

Louisiana Secretary of State
P.O. Box 94125
Baton Rouge, LA 70804-9125

To the Honourable Robert Kyle Ardoin,

This communication is being sent in an effort to recover property that was entrusted to the Elections Department of the State of Louisiana on the 1st of November, 2022 in the early voting period of the 8th of November 2022 Federal Election that is required to be kept in your care. This property is the permanent paper record, (hereinafter "chose in action"), required by 52 USC §20701 "Retention and preservation of records and papers by officers of elections; deposit with custodian; penalty for violation" that is to be kept for 22 months following a Federal Election.

## FACTUAL BACKGROUND

On the 16th of December 2022, DANIL EZEKIEL FAUST, hereinafter the "Demandant", submitted a Help America Vote Act (HAVA) complaint to the Louisiana Secretary of State and the Louisiana Board of Elections to conduct a hearing into the existence of the chose in action required by HAVA and all others acting as bailee for the chose in action as required by the HELP AMERICA VOTE ACT.

On the 26th of December 2022, the Demandant submitted a request for a hearing on the record determining the existence of the chose in action to the Louisiana Board of Elections.

## INJURY

The estate of the Demandant requires the transfer of this document or the admission that such document does not exist. The chose in action has granted to another party.

## DUTY

You have a moral, legal, and lawful duty to not breach the contract between the people and the sanctity of the Federal Elections of the United States.

**BREACH OF DUTY**

You are breaching that duty by

1. Not producing the permanent paper record of the ballots cast in the 2022 Louisiana State Elections.

2. Publishing statements that are not consistent with the tenants of law, specifically statements indicating that funds used by the State of Louisiana received through the Help America Vote Act are consistent with Title III.

**DAMAGES**

There are no specific monetary damages, but instead a damage to the confidence in the accuracy of the tabulation of the ballots and reporting of official vote counts in Federal Elections. In addition, the Demandant has been repeatedly subjected to procedural difficulties in going about his ordinary business and has had to relocate from Louisiana to pursue this claim, causing financial difficulties.

**DEMAND**

Now, therefore Demandant requests that the Louisiana Secretary of State produce the permanent paper record that were delivered to the state of Louisiana within thirty calendar days of service of this notice and demand, or show cause why said demand should not be enforced in a court of record.

**DEFAULT**

If you, Robert Kyle Ardoin, and others acting in concert with you fail to satisfy the demand within the allotted time after having been duly served with this notice and demand, then by tacit procuration the Demandant or his nominee or his assigns will determine for you the following:

1. That the aforesaid demand is just,

2. That a court of record may enforce the demand either ***ex parte*** or ***con parte***,

3. That you, and each of you, concur and are satisfied with the justness of the demand, and the process by which the demand shall be enforced.

In addition, the actions taken by the Demandant in this claim are:

1. To defend against any of you or persons acting in concert with you who have caused any injuries to Demandant;
2. To secure his substantive rights, and
3. To provide reasonable compensation for time and effort.

Please do not contact Demandant by telephone. In order to avoid any misunderstanding, all communications shall henceforth be on the record, that is in writing and duly served. Please serve all communications and process directly to PO Box 4018, Washington, DC 20044.

Alternatively, if the chose in action does exist, please deliver it to the either of the following trustees:

U. S. Trustee for Region Four
U. S. Trustee's Office
1725 Duke Street
Suite 650
Alexandria, VA 22314

William Douglas White
McCarthy & White PLLC
8205 Pettit Court
Mclean, VA 22102

Respectfully,

Danil Ezekiel Faust
PO BOX 4018
Washington, DC 20044
202-505-1841
daniloafeliciano@gmail.com

To:
Kyle Robert Ardoin
8585 Archives Blvd
Baton Rouge, LA 70809

Louisiana Secretary of State
P.O. Box 94125
Baton Rouge, LA 70804-9125

To the Honourable Robert Kyle Ardoin,

This communication is being sent to properly notify the Louisiana Secretary of State Robert Kyle Ardoin (hereinafter "Debtor") that the property that was entrusted to the Elections Department of the State of Louisiana on the 1st of November, 2022 in the early voting period of the 8th of November 2022 Federal Election has been formally pledged to another. Clearly stated, the permanent paper record, (hereinafter "chose in action"), required by 52 USC §20701 "Retention and preservation of records and papers by officers of elections; deposit with custodian; penalty for violation" that is to be kept for 22 months following a Federal Election, has been assigned to a corporation owned by DANIL EZEKIEL FAUST, None of the Above, during the bankruptcy proceedings that are ongoing at this time in Case Number 22-00233-ELG in the US Bankruptcy Court for the District of Columbia.

Please also take note that such property has been further assigned to the supreme Court of the United States. Please reference the attached assignment of property along with the rights and interests to verify the existence or non-existence thereof of this debt. Please let your records properly reflect this transfer of ownership for all further matters.

Alternatively, if the chose in action does exist, please deliver it to the either of the following trustees:

U. S. Trustee for Region Four
U. S. Trustee's Office
1725 Duke Street
Suite 650
Alexandria, VA 22314

William Douglas White
McCarthy & White PLLC

8205 Pettit Court
Mclean, VA 22102

or

Scott S. Harris
Clerk of Court
supreme Court of the United States
1 First Street NE
Washington, DC 20543

Please do not contact Demandant by telephone. In order to avoid any misunderstanding, all communications shall henceforth be on the record, that is in writing and duly served. Please serve all communications and process directly to PO Box 4018, Washington, DC 20044.

Respectfully,

Danil Ezekiel Faust
PO BOX 4018
Washington, DC 20044
202-505-1841
daniloafeliciano@gmail.com

SECRETARY OF STATE
STATE OF LOUISIANA

R. KYLE ARDOIN
SECRETARY OF STATE

P.O. BOX 94125
BATON ROUGE, LA 70804-9125
225.922.2880

February 14, 2020

Mona Harrington, Acting Executive Director
U.S. Election Assistance Commission
1335 East-West Highway, Suite 4300
Silver Spring, MD 20910

RE: 2020 HAVA Election Security Grant - State of Louisiana

Dear Ms. Harrington:

The purpose of this letter is to certify that the State of Louisiana will use the funds provided under the Notice of Grant Award, Agreement #LA20101001, for activities consistent with the laws described in Section 906 of HAVA and will not use the funds in a manner that is inconsistent with the requirements of Title III of HAVA.

We further certify that we have reviewed and accept the terms of the award as specified in the Notice of Grant Award. Our UEI number (formerly DUNS) is 136983835 and the signed Certifications are enclosed.

We are requesting $6,622,612 at this time. We will develop the program narrative as follows: The Louisiana Secretary of State's office, which will include our Legal and Elections divisions, will meet to discuss the requirements of how the HAVA funds are to be spent and how those parameters will best be applied to our department. The project narrative and budget will then be compiled based on those findings and will be submitted to the EAC by the April 27, 2020 deadline.

If you have any questions about this request, please contact Laura Sanders, Budget Administrator, at 225-362-5156 or laura.sanders@sos.la.gov.

Sincerely,

R. Kyle Ardoin
**Secretary of State**
**State of Louisiana**

**CC: Peg Rosenberry, Grants Consultant**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DANIL EZEKIEL FAUST**<br>**aka Dañilo Augusto Feliciano**<br>**GENERAL DELIVERY**<br>**Washington, DC 20018**<br>**SSN# XXX-XX-5866**<br>**Plaintiff**<br><br>**vs**<br><br>**STATE OF LOUISIANA**<br>**Defendant** | ) | **Case #:**<br>**COMPLAINT** |

FILED
MAR 16 2023
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

**MOTION IN LIMINE TO PREVENT DEFENDANT FROM PROFFERING INCONSISTENT EVIDENCE**

COMES NOW DANIL EZEKIEL FAUST, also known as Danilo Augusto Feliciano, (hereinafter "Movant"), to request this honorable Court preclude Defendant from making any contentions or presenting any evidence that is directly or indirectly inconsistent with its admissions in this case. In Further support, Plaintiff states as follows:

1. On 8 March 2020, Louisiana Secretary of State ROBERT KYLE ARDOIN stated "this year's elections will be secure even without a paper trail."[1] which is an admission conceding that there are no permanent paper records regarding the existence of the permanent paper record of the ballot as required by the Help America Vote Act Title III, Section 301 (a)(2)(B)(i) and Section 301 (a)(2)(B)(iii) . **[Exhibit A]**

2. Defendant is "only remaining state where all in-person voters cast ballots on paperless machines."[2] **[Exhibit B]**

---

1 "Louisiana Secretary of State says this year's election secure without paper ballots" Livingston Parish News, March 8, 2020. https://web.archive.org/web/20210429143258/https://www.livingstonparishnews.com/news/louisiana-secretary-of-state-says-this-years-election-secure-without-paper-ballots/article_6f15d3d6-6179-11ea-aea2-cb032e0c83a0.html

2 "Louisiana's the final state with a paperless voting system" Washington Post, December 9, 2021. https://web.archive.org/web/20211209124436/https://www.washingtonpost.com/politics/2021/12/09/louisiana-final-state-with-paperless-voting-system/

WHEREFORE, the Plaintiff respectfully requests this Court preclude Defendant's counsel from presenting any evidence of a permanent paper ballot or attempting to convey that any such record exists.

DATED: 16 March 2023

Respectfully submitted,

DANIIL EZEKIEL FAUST
aka Danilo A. Feliciano
GENERAL DELIVERY
WASHINGTON, DC 20090
daniloafeliciano@gmail.com

Ex A



https://www.livingstonparishnews.com/news/louisiana-secretary-of-state-says-this-years-election-secure-without-paper-ballots/article_6f15d3d6-6179-11ea-aea2-cb032e0c83a0.html

# Louisiana Secretary of State says this year's election secure without paper ballots

David Jacobs | The Center Square
Mar 8, 2020



Kyle Ardoin

Louisiana Secretary of State Kyle Ardoin hopes to acquire electronic voting machines that also record votes on paper, though he said this year's elections will be secure even without a paper trail.

Ardoin spoke Thursday evening at a panel hosted by LSU's Manship School of Mass Communications. Panelist Susan Greenhalgh, policy advisor for the National Election Defense Coalition, said digital-only voting is the "most concerning" method from a security standpoint.

Ex B

The Washington Post *Democracy Dies in Darkness*

THE CYBERSECURITY 202

A newsletter briefing on cybersecurity news and policy.

Subscribe to the newsletter

# Louisiana's the final state with a paperless voting system

By Joseph Marks
with research by Aaron Schaffer
Today at 7:33 a.m. EST

0

Welcome to The Cybersecurity 202! Call me a purist, but I don't see how a microwave Christmas pudding has any place on "The Great British Baking Show" holidays edition.

Below: Russia is blocking access to the Tor anonymizing network, and the Conti ransomware gang took credit for a hack of Australia's utilities. **And one more note** before we get started today: consider checking out our sister newsletter, The Climate 202, where author Maxine Joselow takes you inside the hottest climate policy debates in Washington.

## Six states are still using paperless voting machines

Dylan G. Trache, DC Bar No. 476318
Nelson Mullins Riley & Scarborough LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Phone: (202) 689-2800
Fax: (202) 689-2860
Email: dylan.trache@nelsonmullins.com

*Counsel to the State of Louisiana and*
*Robert Kyle Ardoin in his capacity as*
*Secretary of State of the State of Louisiana*

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: Danil Ezekiel Faust | Bankruptcy Case No. 22-00233-ELG |
| Debtor. | Chapter 7 |
| Danil Ezekiel Faust, | |
| Plaintiff, | Adv. Pro. No. 23-10010-ELG |
| vs. | |
| State of Louisiana and Robert Kyle Ardoin, in his official capacity as the Secretary of State of Louisiana. | |
| Defendants. | |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants State of Louisiana ("Louisiana") and Robert Kyle Ardoin[1] in his official capacity as the Secretary of State of Louisiana ("Secretary of State" and collectively with Louisiana, the "Defendants"), by their undersigned counsel, file this Motion to Dismiss the Complaint in the above captioned adversary proceeding pursuant to Rule 12(b)(6) of the Federal

[1] The Secretary of State was named as a defendant in paragraph 5 of the Complaint but not listed as a defendant in the caption of this action or properly served consistent with the requirements of Bankruptcy Rule 7004(h).

Rules of Civil Procedure, which is made applicable hereto by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, stating to the Court as follows:

## I. INTRODUCTION.

Plaintiff has filed the instant frivolous and vexatious adversary proceeding purportedly alleging violations of the False Claims Act (31 U.S.C. §§ 3729 – 3733) ("FCA") and the Help America Votes Act (52 U.S.C. §§ 20901 - 21145) ("HAVA"). The allegations in the Complaint, such that they are, are insufficient to maintain a cause of action against Defendants as a matter of law, and no relief against Defendants may be afforded Plaintiff. Specifically, the generalized assertions in the complaint fail the applicable pleading standards under Supreme Court precedent and fail to allege violations of the FCA with particularity as required by Fed. R. Civ. P. 9(b). Further, the HAVA does not contain a private right of action and Plaintiff has failed to comply with the requirements for bringing a cause of action under the FCA. Plaintiff also lacks standing to bring these claims which, if they were viable would belong to his bankruptcy estate. To the extent Plaintiff believes that such claims vest in him individually and not the bankruptcy estate, this Court lacks jurisdiction to hear them. Finally, Plaintiff has failed to properly serve the Defendants. All claims asserted against Defendants in this action should be dismissed, with prejudice.

## II. FACTS ALLEGED IN THE ADVERSARY COMPLAINT[2]

1. Plaintiff alleges that on November 1, 2022, he cast a ballot in the 2022 election for Senator of Louisiana. Complaint at ¶ 6.

2. Plaintiff alleges that his bankruptcy petition was filed on December 20, 2022 "to retrieve the permanent paper record of his ballot." Complaint at ¶ 7.

---

[2] The following "facts" are taken from the allegations of the Plaintiff's adversary complaint. Defendants do not concede their veracity and have omitted certain legal conclusions from this recitation.

3. Plaintiff alleges that he submitted a certain document styled a "Notice of Demand" which purportedly notified the Secretary of State "that the permanent paper record was to be classified as a chose in action, and this right of action would be assigned to the corporation known as None of the Above owned by plaintiff, and further would be assigned to the supreme Court of the united States [sic]." Complaint at ¶ 8.

4. On February 23, 2023, Plaintiff alleges that he submitted a Notice to the Supreme Court of the United States of the alleged transfer of the chose in action. Complaint at ¶ 9.

5. On January 26, 2023, at the Section 341 meeting of creditors, Plaintiff alleges that he verbally informed counsel to the Office of the United States Trustee that he wished to transfer the chose in action to the corporation owned by Plaintiff, None of the Above, to be further assigned to the supreme Court of the united States [sic]. Complaint at ¶ 10.

6. Plaintiff alleges that the Secretary of State "did knowingly and willfully present, and caused to be presented false, fraudulent and fictious claims for payment or approval to the Government of the United States, dependent upon compliance of section 301 of the Help America Vote Act, with actual knowledge that such claims were to be used contrary to the conditions listed contrary to the provisions of [the FCA]." Complaint at ¶ 11.

7. Plaintiff alleges that the Secretary of State "did knowingly and willfully make, use, and cause to be made and used, false records and statements material to a false and fraudulent claim dependent upon the compliance of section 301 of the Help America Vote Act, with actual knowledge and reckless disregard of the truth that such funds were to be used contrary to the provisions of [the FCA]." Complaint at ¶ 12.

8. Plaintiff alleges that the Secretary of State "did knowingly and willfully neglect and fail to comply with his duty to retain and preserve any record or paper for a period of twenty-

two months from the date of any general, special, or primary election of which candidates for the office of President, Vice President, presidential elector, Member of the Senate in accord and satisfaction with the provisions of [the HAVA.]" Complaint at ¶ 13.

## III. LEGAL STANDARD

"Although a pro se litigant's pleadings are to be construed liberally, his complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level' and that 'state a claim to relief that is plausible on its face.'" *Hodge v. Gansler*, 547 Fed. Appx. 209, 210 (4th Cir. 2013). The United States Supreme Court held in *Bell Atl. Corp. v. Twombly* that under Rule 12(b)(6) a plaintiff must articulate and plead a sufficient factual basis for his or her claims, not simply hope that discovery might provide such a basis. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965-66 (2007); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to provide the "grounds" of his or her "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. 555, 127 S. Ct. at 1965-66. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Under the *Twombly* standard, "largely groundless claim[s]" should not be allowed to "take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value." *Id.* at 1966 (quoting *Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). Rather, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting 5 Wright & Miller § 1216, at 233-34).

Moreover, claims under the FCA must be pled with particularity consistent with the requirements of Fed. R. Civ. P. 9(b). *See United States v. Comstor Corporation*, 308 F.Supp.3d

56, 58 (D. D.C. 2018). "This heightened pleading standard is designed to 'discourage[ ] the initiation of suits brought solely for their nuisance value, and safeguard[ ] potential defendants from frivolous accusations of moral turpitude,' as well as 'guarantee all defendants sufficient information to allow for preparation of a response.'" *Id. quoting United States ex rel. Heath v. AT & T, Inc.*, 791 F.3d 112, 123 (D.C. Cir. 2015). "The Plaintiff must plead with sufficient particularity 'the time, place and content of the false representations, the fact misrepresented and what was retained or given up as a consequence of the fraud.'" *Id. quoting United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004).

## IV. ARGUMENT

### A. Plaintiff Has Failed to State Any Viable Claim Against Defendants.

Plaintiff's Complaint includes one count – "False Claims with Intent to Defraud." As set forth above, Fed. R. Civ. P. 9(b), applicable in this proceeding through Fed. R. Bankr. P. 7009 requires that claims under the FCA be pled with particularity. Plaintiff has not provided any particularity of the purported fraud. Rather, in conclusory pleadings Plaintiff has simply alleged that the Secretary of State made some fraudulent claim for payment. Nowhere in the Complaint has Plaintiff alleged how the Secretary of State's claim was false or fraudulent, how the Secretary of State used any funds received in violation of law, or how the alleged fraudulent claims damaged the United States. Plaintiff's generalized allegations cannot withstand scrutiny under the *Twombly* and *Iqbal* standard much less the more rigorous requirements of Fed. R. Civ. P. 9(b).

Plaintiff's claim that the Defendants violated 52 U.S.C. § 20701 likewise fails to satisfy the applicable pleading requirements. In addition to being the type of generalized assertions held to be insufficient under *Twombly* and *Iqbal*, HAVA does not create a private right of action, and therefore Plaintiff has failed to state a claim for relief. *See Morales-Garza v. Lorenzo-Giguere*,

277 Fed. Appx. 444, 445 (5th Cir. 2008) (per curiam) ("HAVA does not provide the declaratory relief sought by [plaintiff]."); *see also Sandusky Cnty. Democratic Party v. Blackwell*, 387 F.3d 565, 572 (6th Cir. 2004) ("HAVA does not itself create a private right of action."); *Brunner v. Ohio Republican Party*, 555 U.S. 5, 5 (2008) (per curiam) (plaintiffs were unlikely to succeed on the merits of their HAVA claim because it does not confer a private right of action). Rather, 52 U.S.C. §§ 20702 – 20704 contemplate enforcement solely by the Attorney General of the United States for alleged violations of 52 U.S.C. § 20701. It follows that Plaintiff's claims for a violation of HAVA should be dismissed.

**B. <u>Plaintiff Failed to File the Complaint Under Seal as Required by the FCA.</u>**

The FCA establishes specific procedures necessary for filing a complaint including the requirement relevant that "the complaint shall be filed in camera, shall remain under seal for at least 60 days and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). Plaintiff failed to file the complaint under seal consistent with this requirement. Accordingly, this Court in the exercise of its discretion may fashion an appropriate remedy, including dismissal. *State Farm Fire and Cas. Co. v. United States ex rel. Rigsby*, 580 U.S. 26, 37, 137 S.Ct. 436, 444 (2016). Defendants submit that the appropriate remedy in light of the Complaint's additional failings is dismissal with prejudice.

**C. <u>Plaintiff Lacks Standing.</u>**

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a), Fed R. Bankr. P. 7017. Plaintiff is a debtor in a Chapter 7 case. William Douglas White was appointed Chapter 7 Trustee and is responsible for administering the assets of the Debtor's estate. *See* 11 U.S.C. § 704. The claims set forth in this adversary proceeding relate entirely to pre-petition acts. Accordingly, any claim belongs to the estate and may only be brought by the

Trustee. *See* 11 U.S.C. § 541. Further, the Complaint itself alleges that any action was assigned first to an entity known as None of the Above, and then to the Supreme Court of the United States. Clearly, Plaintiff is not the proper party in interest and the case must be dismissed.

**D. <u>If Plaintiff Has Standing, this Court Lacks Subject Matter Jurisdiction.</u>**

Alternatively, to the extent this Court were to conclude that the claims raised fall outside the bankruptcy estate, this Court lacks subject matter jurisdiction to adjudicate such claims. 28 U.S.C. § 1334(b) and the Order of Reference entered by the United States District Court for the District of Columbia vest the Bankruptcy Court with jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The Supreme Court of the United States has held that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp.*, 514 U.S. at 308 *quoting Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). Here, Plaintiff cannot have it both ways. Either the claims are part of his bankruptcy estate – in which case they are controlled by the Trustee. Alternatively, the claims are not part of his bankruptcy estate and are therefore unconnected to the bankruptcy estate – in which case the Court lacks subject matter jurisdiction.

**E. <u>Defendants Have Not Been Served.</u>**

Federal Rule of Bankruptcy Procedure 7004(b)(6) allows for service by first class mail [u]pon a state … by mailing a copy of the summons and complaint to the person or office upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state[.]" Fed. R. Bankr. P. 7004(b)(6). In this case, Plaintiff's Certificate of Service acknowledges that the

Case 1:23-cv-02567-DLF Document 1-24 Filed 09/08/23 Page 26 of 33

Summons and Complaint were served by First Class Mail upon John Bel Edwards, Governor of the State of Louisiana.

The manner prescribed by Louisiana for serving a summons on State Actors is set forth in Louisiana Code of Civil Procedure article 1265 and Louisiana Revised Statute 13:5107.

Louisiana Code of Civil Procedure article 1265 states:

> Service of citation or other process on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion.
>
> If the political entity or public officer has no established office, then service may be made at any place where the chief executive officer of the political entity or the public officer to be served may be found.

Additionally, Louisiana Revised Statute 13:5107 provides in pertinent part:

> In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

In order to effectuate service on the Secretary of State, Plaintiff would need to serve both the Secretary of State and the Attorney General. He did neither. In order to effectuate service on the State of Louisiana, service on the Attorney General is required. Accordingly, the Complaint should be dismissed for lack of personal jurisdiction or proper service.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court dismiss the Complaint with Prejudice.

Respectfully submitted,

State of Louisiana; and Robert Kyle Ardoin in his capacity as Secretary of State of the State of Louisiana

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW / Suite 900
Washington, DC 20001
Tel: 202.689.2800
Fax: 202.689.2860
**Email:** dylan.trache@nelsonmullins.com

By: /s/ Dylan G. Trache
Dylan G. Trache, DC Bar No. 476318

*Counsel to the State of Louisiana and Robert Kyle Ardoin in his capacity as Secretary of State of the State of Louisiana*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April 2023, the foregoing Motion was served via first class mail, postage prepaid, to:

Danilo Augusto Feliciano
General Delivery
Washington, DC 20090

And by electronic mail to:

daniloafeliciano@gmail.com

/s/ Dylan G. Trache
Dylan G. Trache

The order below is hereby signed.

Signed: May 17 2023

Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br>**Danil Ezekiel Faust,**<br>**aka Dañilo Augusto Feliciano,**<br>**aka Danil Berger**<br>**Debtor.** | **Case No. 22-00233-ELG**<br><br><br><br>**Chapter 7** |
| **Danil Ezekiel Faust,**<br>**Plaintiff**<br><br>**v.**<br><br>**State of Louisiana, and**<br>**Robert Kyle Ardoin,**<br>**in his official capacity as the Secretary of State of Louisiana,**<br>**Defendants** | <br><br><br>**Adv. Pro. No. 23-10010** |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT**

The Court has before it the *Complaint* filed by the above captioned Debtor (ECF No. 1) and the *Defendants' Motion to Dismiss Complaint* filed by the above captioned Defendants (the "Motion") (ECF. No. 16). The Complaint alleges violations of the Federal False Claims Act

("FCA"),[1] the Help America Vote Act ("HAVA"),[2] and the Civil Rights Act of 1960.[3] In the Motion, the Defendants argue that the Complaint must be dismissed with prejudice because (i) HAVA does not create a private right of action; and (ii) the Debtor did not follow the statutory requirements for filing a claim under the FCA. *See* Defs' Mot. Dismiss Compl. at 5–6, ECF No. 16.

Upon a review of the Motion, the Complaint,[4] and the relevant statutes, the Court finds that dismissal of the Complaint on all counts is appropriate under Rule 12(b)(6). With respect to the Plaintiff's relief sought under HAVA, the Complaint must be dismissed because HAVA does not create a private right of action. *Am. Civ. Rights Union v. Phila. City Comm'rs*, 872 F.3d 175, 181, 185 (3rd Cir. 2017) ("HAVA does not include a private right of action that allows aggrieved parties to sue nonconforming states."); *Sandusky Cnty. Democratic Party v. Blackwell*, 387 F.3d 565, 572 (6th Cir. 2004) ("HAVA does not itself create a private right of action."). Similarly, under the Civil Rights Act of 1960, only the Attorney General is authorized to inspect the documents referred to in § 20701, but even then, the parties to whom the Attorney General may disclose such documents are very limited. *See True the Vote v. Hosemann,* 43 F. Supp. 3d 693, 734 (S.D. Miss. 2014) ("Congress authorized only the Attorney General to inspect these documents, but even he may not disclose any record except to Congress, other government agencies, or in a court proceeding or when otherwise ordered to do so by a court."); *see also* 52 U.S.C. §§ 20703, 20704. Therefore,

---

[1] 31 U.S.C. §§ 3729–3733.

[2] 52 U.S.C. §§ 20901–21145.

[3] 52 U.S.C. §§ 20701–20706 (prior to September 1, 2014 codified at 42 U.S.C. §§ 1974–1974e).

[4] The Court applies a more lenient standard to *pro se* filings, providing a liberal interpretation of the allegations contained therein when reviewing the same. However, while *pro se* parties are "held to less stringent standards that formal pleadings drafted by lawyers" their complaints should nonetheless be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Price v. Phx. Home Life Ins. Co.*, 44 F. Supp. 2d 28, 31 (D.D.C. 1999), *aff'd sub nom*, *Price v. Phx. Home Life Mut.*, 203 F.3d 53 (D.C. Cir. 1999) (first citing *King v. Meekins*, 593 F. Supp. 59, 60 (D.D.C. 1984); then citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

under no set of circumstances could the Plaintiff plead a cause of action for which relief could be granted under either HAVA or the Civil Rights Act of 1960, and such causes of action shall be dismissed with prejudice. *See Warth v. Seldin*, 422 U.S. 490, 502 (1975); *Hoffman v. Jeffords*, 175 F. Supp. 2d 49, 53 (D.D.C. 2001) ("[O]nce a court finds that a plaintiff does not have standing to initiate an action, it must dismiss the complaint.").

The Plaintiff's claims against the State of Louisiana and its Secretary of State under the FCA fail for multiple reasons. First, the Supreme Court has held that the FCA does not subject a "State (or state agency)" to liability because a state is not a "person" for the purposes of qui tam liability under the FCA. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 782–88 (2000). Second, if there is a proper defendant, any complaint filed under the FCA must be brought in the name of the Government, not an individual. *See* 31 U.S.C. § 3730(b)(1). Finally, any complaint filed under the FCA is required to be filed in camera and remain under seal for a period of at least 60 days. 31 U.S.C. § 3730(b)(2). The Plaintiff's Complaint fails on all three elements: (i) the State of Louisiana and its representative the Secretary of State are not "persons" against whom an FCA action may be brought; (ii) the Complaint was not filed in the name of the Government; and (iii) the Complaint was not filed in camera or under seal. Therefore, the Court finds that the Complaint fails to meet the requirements of the FCA, and furthermore, there is no set of facts under which the Plaintiff could plead a cause of action under the FCA against the Defendants and the Complaint will be dismissed, with prejudice. For clarity, the dismissal of the Complaint with prejudice does not mean that the Court finds that the Plaintiff could not ever bring a valid cause of action under the FCA, only that given the Supreme Court's *Vt. Agency of Natural Res.* no valid complaint could be brought against the Defendants as a state or state agency.

Therefore, it is hereby **ORDERED** that:

1. The Motion is GRANTED.

2. The Complaint is Dismissed with PREJUDICE.

3. Any other pending motions in this case are denied as MOOT.

[Signed and dated above.]

Copies to: Debtor; counsel for the parties.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Judge-in-Chambers**

| | | |
|---|---|---|
| **IN THE MATTER OF** <br> **DANIL EZEKIEL FAUST** | : <br> : <br> : <br> : <br> : <br> : <br> : | **Case No. 2022 CAB 5640** <br> **Judge-in-Chambers** <br> **CLOSED CASE** |

## ORDER GRANTING CHANGE OF NAME

Upon consideration of the Application for Change of Name of an Adult, the applicant's testimony, and the record herein, it is this 13th day of April, 2023,

**ORDERED** that the Application for Change of Name of an Adult is **GRANTED**, and it is further

**ORDERED** that Danil Ezekiel Faust shall henceforth be known as Danilo Augusto Feliciano.

Robert Tignor, Senior Judge
Sitting in Judge-in-Chambers

SUPERIOR COURT DISTRICT OF COLUMBIA EST. MCMLXXI